

FILED

DEC 20 2019

Judge Thomas M. Durkin
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 275-3 |
| v. | Judge Thomas E. Durkin |
| SINOCONTECH, LLC | |

**PLEA AGREEMENT**

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant SINOCONTECH, LLC, by its authorized representative, and its attorney, MATTHEW J. MADDEN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below.

2. Weiyun Huang, also known as "Kelly Huang," is the owner and sole shareholder of defendant SINOCONTECH, LLC and is thus an authorized representative to enter into this Plea Agreement and to enter a plea of guilty on its behalf of defendant SINOCONTECH, LLC. A copy of a Letter of Authorization from defendant SINOCONTECH, LLC and Weiyun Huang, attached as Exhibit A, shall be made a part of the record of this case at the time of the entry of the plea of guilty.

3. The parties to this Agreement have agreed upon the following:

## Charges in This Case

4. The indictment in this case charges defendant SINOCONTECH, LLC with conspiracy to commit visa fraud, in violation of Title 18, United States Code, Section 371 (Count 1), and visa fraud, in violation of Title 18, United States Code, Section 1546(a) (Count 6).

5. Defendant's authorized representative has read the charges against defendant contained in the indictment, and those charges have been fully explained to defendant's authorized representative by defendant's attorney.

6. Defendant's authorized representative fully understands the nature and elements of the crimes with which defendant has been charged.

## Charges to Which Defendant Is Pleading Guilty

7. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count One, which charges defendant with conspiracy to commit visa fraud, in violation of Title 18, United States Code, Section 371. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

8. Defendant will plead guilty because defendant is in fact guilty of the charges contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish defendant's guilt beyond a

reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

Beginning no later than on or about September 6, 2013, and continuing until on or about April 1, 2019, at Chicago, in the Northern District of Illinois, and elsewhere, defendant SINOCONTECH, LLC, and co-defendants WEIYUN HUANG, also known as "Kelly Huang," and FINDREAM, LLC, conspired with Individuals XQ, LT, YG, JC, JL, and SZ, and others known and unknown to knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in documents required by the immigration laws and regulations prescribed thereunder, namely, nonimmigrant H-1B visas and Optional Practical Training extensions on nonimmigrant F-1 student visas, that is, Forms I-20, I-129, and I-983, stating that the students were employed by FINDREAM, LLC and SINOCONTECH, LLC, which statements the defendants then knew were false, in that the students were not employed by FINDREAM, LLC or SINOCONTECH, LLC, in violation of Title 18, United States Code, Section 1546(a).

More specifically, Huang, a citizen and resident of the People's Republic of China, created defendant SINOCONTECH, LLC by incorporating defendant in the State of Delaware on December 12, 2016. Defendant, through Huang, knew that the purpose of defendant during the relevant time period was to provide fraudulent Optional Practical Training ("OPT") employment for F-1 student visa-holders, and H-1B employment visas for foreign nationals, in the United States.

Defendant, through Huang, understood that F-1 visa holders were issued a Form I-20 "Certificate of Eligibility for Nonimmigrant Student Status – For Academic and Language Students" by United States Immigration and Customs Enforcement ("ICE"). Defendant, through Huang, also understood that F-1 visa holders could extend their stay by participating in the OPT program, which permitted F-1 visa holders to obtain temporary employment directly related to their major area of study and extend the visa for one year. Defendant, through Huang, also understood that F-1 visa holders with a science, technology, engineering, or mathematics ("STEM") degree could extend their participation in the OPT program for an additional 2 years. Defendant, through Huang, knew that a F-1 visa holder was required to submit a Form I-983 Training Plan for STEM OPT Students in order to apply for and provide updates on the STEM OPT extension. Defendant, through Huang, also knew that an H-1B visa permitted United States-based employers to temporarily employ foreign national workers in specialty occupations, which required specialized knowledge and a bachelor's degree or the equivalent of work experience.

Defendant advertised fraudulent visa-related employment with Findream on websites. Defendant, through Huang, communicated with customers via email and WeChat IDs she controlled. Defendant did not specifically advertise defendant on the websites, but offered employment at defendant, rather than Findream, to some of her customers.

4

Defendant, through Huang, intermittently hired legitimate employees in the United States and China in order to handle software development and maintenance of the Findream-associated websites and WeChat official account. For example, defendant hired Individual XQ in 2014 to handle portions of the software development of Findream's website and later manage the content of the WeChat official account. Defendant, through Huang, knew that Individual XQ understood that in exchange for a fee, defendant permitted F-1 visa holders to list Findream as their OPT employer, despite not actually working at Findream because Individual XQ was originally a Findream customer.

With respect to the OPT program, defendant, through Huang, agreed with OPT customers, including Chicago resident Individual SZ, to provide false documents that purported to evidence employment at defendant in order to permit the customers to fraudulently extend their F-1 student visas via the OPT program. Defendant, through Huang, provided each of the OPT customers with a range of services in furtherance of the fraud, including offer letters, verifications of employment letters, Form I-983 OPT Training Plans, payroll, and Form 1099-MISC tax forms, that purported to show that these customers worked for defendant, when defendant, through Huang, and the customers knew none of the OPT customers worked at defendant.

For the customers who required a Form I-983 OPT Training Plan for their STEM OPT, defendant, through Huang, filled out the forms with false information concerning the customers' purported work at defendant, and signed the forms on

5

behalf of defendant under penalty of perjury. Defendant, through Huang, understood that if the United States Customs and Immigration Service ("USCIS") knew the employment information in the Form I-983 OPT Training Plans was false, USCIS would not have approved an extension of stay under the OPT program for the customers.

For the customers who sought proof of payroll, defendant, through Huang, and the customers agreed that the customer had to provide the payroll funds to defendant, and defendant, through Huang, then caused direct deposits from defendant's bank accounts to be deposited in the customers' bank accounts which falsely purported to be payroll payments. Defendant charged the customers a percentage of the payroll payments as the fee for this service.

From December 12, 2016 through April 1, 2019, defendant falsely and fraudulent represented that at least approximately 660 F-1 visa holders in the United States were employed at defendant for their OPT extension, when defendant, through Huang, knew that the F-1 visa holders were not employed at defendant. In exchange, the customers paid defendant the relevant fees.

In order to conceal defendant's fraud, among other things, defendant, through Huang, used fake names of purported defendant's employees on correspondence with customers, offer letters, verifications of employment, and Forms I-983; and listed addresses for defendant in New York, New York, among other cities, at which locations defendant, through Huang, knew defendant had no physical presence.

Customers paid defendant for OPT visa-fraud services in United States Dollars via peer-to-peer payment systems such as PayPal, Venmo, Chase Quickpay, and Zelle, or in Chinese Renminbi via China-based payment platforms associated with WeChat. More specifically, defendant received payments for the visa-fraud services in United States Dollars to the following account:

| Financial Institution | Account Number | Account Name / Title | Signer(s) / User(s) |
|---|---|---|---|
| Bank of America | 444012351413 | Weiyun HUANG | Weiyun HUANG |
| JPMorgan Chase Bank | 259855583 | Findream LLC | Weiyun HUANG |
| JPMorgan Chase Bank | 259857961 | Weiyun HUANG | Weiyun HUANG |
| JPMorgan Chase Bank | 3392559133 | Weiyun HUANG | Weiyun HUANG |
| PayPal | 2170305296135344643 | Findream LLC | Weiyun HUANG |
| PayPal | 1381647367236281464 | Something Cool | Weiyun HUANG |
| Venmo | 14876089 | Dr Pig / @drpigpigpig | optguakaoca@gmail.com<br>info@findreamllc.com<br>kelly0710@gmail.com |

From September 6, 2013 through April 1, 2019, defendant, Huang, and Findream, LLC received at least approximately $1.5 million from their customers in exchange for falsely certifying that those customers were employed by Findream or Sinocontech in documents required by the immigration laws and regulations, including the Form I-20, the Form I-983, and the Form I-129. During this time period,

7

defendant, Huang, and Findream, LLC received a profit or gain of at least approximately $800,000.

## Maximum Statutory Penalties

9. Defendant's authorized representative understands that the charge to which the defendant is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 5 years of imprisonment. This offense also carries a maximum fine of $500,000, or twice the gross gain or gross loss reslting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years..

    b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $400 on the charge to which the defendant has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

10. Defendant's authorized representative understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes

of the defendant; (iii) the kinds of sentences available; and (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

11. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

b. **Offense Level Calculations**.

i. Pursuant to Guideline § 8C1.1, because the defendant organization operated primarily for a criminal purpose, the fine shall be set at an amount sufficient to divest the organization of all its net assets, but will be no more than the statutory maximum fine of $1.6 million, which is twice the gross gain from the offense.

ii. Pursuant to Guideline § 8C3.2, because the defendant organization operated primarily for a criminal purpose, immediate payment of the fine shall be required.

c. Defendant's authorized representative and defendant's attorney and the government acknowledge that the above guidelines calculations are

9

preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant's authorized representative understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant's authorized representative understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw its plea on the basis of the Court's rejection of these calculations.

12. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

13. Each party is free to recommend whatever sentence it deems appropriate.

14. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant's authorized representative further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

15. Defendant agrees to pay the special assessment of $400 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine imposed in this case pursuant to Title 18, United States Code, Sections 3572 and 3613, notwithstanding any payment schedule set by the Court.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the superseding indictment, as well as the original indictment as to defendant.

## Forfeiture

18. Defendant's authorized representative understands that by pleading guilty, defendant will subject to forfeiture to the United States all right, title, and

interest that defendant has in any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense.

19. Defendant agrees to forfeiture of the following specific property to the United States: All funds currently held within the following accounts:

| Financial Institution | Account Number | Account Name / Title | Signer(s) / User(s) |
|---|---|---|---|
| Bank of America | 444012351413 | Weiyun HUANG | Weiyun HUANG |
| JPMorgan Chase Bank | 259855583 | Findream LLC | Weiyun HUANG |
| JPMorgan Chase Bank | 259857961 | Weiyun HUANG | Weiyun HUANG |
| JPMorgan Chase Bank | 3392559133 | Weiyun HUANG | Weiyun HUANG |
| PayPal | 2170305296135344643 | Findream LLC | Weiyun HUANG |
| PayPal | 1381647367236281464 | Something Cool | Weiyun HUANG |
| Venmo | 14876089 | Dr Pig / @drpigpigpig | optguakaoca@gmail.com info@findreamllc.com kelly0710@gmail.com |

In doing so, defendant admits that the property described above represents proceeds defendant obtained as a result of the offense, as alleged in the indictment.

20. Defendant's authorized representative agrees to the entry of a personal money judgment in the amount of $1.5 million, which represents the total amount of proceeds traceable to the offense. Defendant consents to the immediate entry of a

preliminary order of forfeiture setting forth the amount of the personal money judgment she will be ordered to pay.

21. Defendant admits that because the directly forfeitable property, other than the funds contained in the accounts listed above, is no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1), the United States is entitled to seek forfeiture of any other property of defendant, up to the value of the personal money judgment, as substitute assets pursuant to Title 21, United States Code, Section 853(p)(2).

22. Defendant's authorized representative understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

23. Defendant's authorized representative agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

24. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 19 CR 275.

25. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

26. Defendant's authorized representative understands that by pleading guilty defendant surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against it, and if it does, it would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge

sitting without a jury, defendant's authorized representative, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and its attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict defendant unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.

Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   b. **Appellate rights.** Defendant's authorized representative further understands defendant is waiving all appellate issues that might have been available if defendant had exercised defendant's right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant's authorized representative understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

  27. Defendant's authorized representative understands that by pleading guilty defendant is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

  28. Defendant's authorized representative understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the

charges against defendant, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

29. Defendant's authorized representative agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of defendant's financial circumstances, including defendant's recent income tax returns as specified by the probation officer. Defendant's authorized representative understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

30. For the purpose of monitoring defendant's compliance with its obligations to pay a fine during any term of probation to which defendant is sentenced, defendant's authorized representative further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of probation to which defendant is sentenced. Defendant's authorized representative also agrees that a certified copy of this Agreement shall be

sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

31. Defendant's authorized representative agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

32. Defendant's authorized representative agrees to cease all operations of defendant and dissolve defendant as a limited liability corporation in the State of Delaware.

## Conclusion

33. Defendant's authorized representative understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

34. Defendant's authorized representative understands that defendant's compliance with each part of this Agreement extends throughout the period of defendant's sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant's authorized representative further understands that in the event defendant violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move

to resentence defendant or require defendant's specific performance of this Agreement. Defendant's authorized representative understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

35. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

36. Defendant's authorized representative and defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

37. Defendant's authorized representative acknowledges that she has read this Agreement and carefully reviewed each provision with defendant's attorney. Defendant's authorized representative further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement on defendant's behalf.

AGREED THIS DATE: 12/20/19

| | |
|---|---|
| JOHN R. LAUSCH, JR.<br>United States Attorney | SINOCONTECH, LLC<br>by WEIYUN HUANG<br>Defendant |
| SHOBA PILLAY<br>Assistant U.S. Attorney | MATTHEW J. MADDEN<br>Attorney for Defendant |